IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
_Richmond_ Division

```
┌─────────────────────────────┐
│          FILED              │
│                             │
│        JAN 1 8 2012         │
│                             │
│  CLERK, US DISTRICT COURT   │
│        NORFOLK. VA          │
└─────────────────────────────┘
```

PROJECT PAPERLESS, LLC, a Virginia
Limited liability company,

    Plaintiff,

v.

UAV COMMUNICATIONS, INC.
d/b/a BOSH GLOBAL SERVICES and BOSH
GLOBAL SYSTEMS, a Virginia corporation,

    Defendant.

C.A. No.: _3:12cv39_

_Judge Payne_

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Project Paperless, LLC ("Project Paperless"), by and through its undersigned

counsel, for its Complaint for Patent Infringement against the above-named Defendant hereby

states:

1.    This is a case where the Plaintiff owns valuable patent rights through a

combination of issued patents and patents pending which cover both the Defendant's ability to

scan a document into an email attachment and transmit the attachment, and the Defendant's

ability to scan a document into a digital document file format and store the document into its

network files so that it can be accessed by Defendant's employees through one or more software

applications.  These patent rights are valuable because of the efficiencies they add to the

workplace via the fast, reliable transmission of data without the added cost, delay and

unreliability of paper-based systems of the prior art.

2.    Defendant obtained this technology by integrating hardware, software and other

equipment provided by various companies, none of which individually are accused of infringing

the Plaintiff's patent rights.  However, the Defendant has brought these diverse elements together into a data management system that infringes Plaintiff's patent rights.

3.      Plaintiff has previously reached out to Defendant about its patent rights on more than one occasion.  Defendant has not denied the use of the infringing technology, but has thus far been unwilling to cease its illegal theft of Plaintiff's patent rights.

## THE PARTIES

4.      Plaintiff Project Paperless, LLC is a limited liability company formed under the laws of the Commonwealth of Virginia with its principal place of business in Alexandria, Virginia.

5.      Defendant is a Virginia corporation with its principal place of business located at 1 Compass Way, Suite 250, Newport News, Virginia 23606.  It may be served through its registered agent, Robert E. Korroch.  It is authorized to do business in the Commonwealth of Virginia.  Further, Defendant regularly conducts such business within Virginia and within this judicial district.  Within its offices located in this judicial district, Defendant makes and uses technology that infringes the patent-in-suit, as discussed in greater detail herein. Virginia Secretary of State records indicate that the company does business under the fictitious names of Bosh Global Services and Bosh Global Systems. The company also maintains a website in the name of Bosh Global Services, Inc. which can be accessed at http://www.boshgs.com/.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

7.      Subject-matter jurisdiction over Project Paperless's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent

jurisdiction).

8.     This Court has personal jurisdiction over Defendant because Defendant based in the Commonwealth of Virginia and is subject to general jurisdiction in Virginia. Defendant also has established minimum contacts with the forum. Defendant is authorized to do business in Virginia and regularly conducts such business. Defendant uses patent-infringing technology which is the subject of this lawsuit in this judicial district. Therefore, the exercise of personal jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b).

## THE DEFENDANT'S SCAN-TO-EMAIL SYSTEM

10.     Defendant has created and maintains a system for collecting, storing and accessing information. Defendant employs information technology ("IT") personnel to assist in the maintenance of this system.

11.     Upon information and belief, Defendant utilizes a scanner/copier capable of scanning paper into a digital form. Said scanner includes a user interface which permits the user of the scanner/copier to input, *inter alia*, an intended recipient's email address, and to then press a button, which in turn triggers the scanning of paper into a digitally-formatted file that is automatically emailed to the intended recipient's email address. To be clear, Plaintiff is not arguing that scanner/copier equipment alone infringes any patent rights.

12.     Upon information and belief, Defendant utilizes Microsoft Exchange and Outlook, which runs on at least one server, in order to aid the process of communicating a digital image from a scanner/copier to an intended email destination. Again, Plaintiff is not alleging

3

that these Microsoft products (or servers running them) by themselves infringe any patent rights.

THE DEFENDANT'S SCAN-TO-FILE SYSTEM

13.     Upon information and belief, Defendant utilizes a scanner/copier capable of scanning paper into a digital form. Said scanner includes a user interface which permits the user of the scanner/copier to input, inter alia, an intended network file destination, and to then press a button, which in turn triggers the scanning of paper into a digitally-formatted file that is automatically transmitted to and stored within the designated network file destination. To be clear, Plaintiff is not arguing that scanner/copier equipment alone infringes any patent rights.

14.     Upon information and belief, Defendant utilizes Microsoft Windows in a client server configuration, in order to aid the process of communicating a digital image from a scanner/copier to an intended file destination accessible to a file server. Again, Plaintiff is not alleging that these Microsoft products (or server running Microsoft products) by themselves infringe any patent rights.

COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,477,410

15.     Project Paperless reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

16.     On January 9, 2010, U.S. Patent No. 7,477,410 (the "'410 Patent") was duly and legally issued by the USPTO. Project Paperless is the owner by assignment of all right, title and interest in and to the '410 Patent, including all right to recover for any and all past infringement thereof. The '410 Patent is attached as **Exhibit A** hereto.

17.     Upon information and belief, Defendant has in the past and continues to directly infringe at least Claims 8, 11, 13, 14, 15, and 21 of the '410 Patent by making and using in this judicial district and elsewhere in the United States, a data management system possessing all of

4

the elements of at least these claims.

18.    Upon information and belief, Defendant uses at least one scanner, digital copier or other multifunction peripheral (collectively, "digital copying devices") capable of creating a digital copy of a physical document (e.g., a paper document).

19.    Upon information and belief, Defendant uses one or more central computer(s) or server(s) for sharing access to information (collectively, Defendant's "file server") among desktop computers and/or other computers used by Defendant's employees (collectively, "client computers") and/or mobile devices used by Defendant's employees such as Blackberry® devices and other smartphones.

20.    Upon information and belief, Defendant uses one or more central computer(s) or server(s) running for corporate electronic email software (collectively, Defendant's "email server").

21.    Upon information and belief, Defendant's file server and its email server are each connected to data stored in an electronic storage medium ("Defendant's data storage") such that certain of Defendant's data located in Defendant's data storage is accessible to Defendant's file server and/or email server.

22.    Upon information and belief, Defendant uses memory in its file server and/or email server which stores software permitting electronic communication between Defendant's file server and at least one of the Defendant's digital copying devices.

23.    Upon information and belief, Defendant uses memory in its file server and/or email server which stores software permitting electronic communication between Defendant's file server and at least one of the Defendant's client computers.

24.    Upon information and belief, Defendant uses memory in its file server and/or

5

email server which stores software permitting electronic communication between Defendant's email server and at least one of the Defendant's digital copying devices.

25.     Upon information and belief, Defendant uses memory in its file server and/or email server which stores software permitting electronic communication between Defendant's email server and at least one of the Defendant's client computers.

26.     Upon information and belief, Defendant uses software operated on or in conjunction with its file server and/or its email server and/or its data storage to replicate and transmit one or more digital copies of physical documents such as paper documents to one or more servers or client computers.

27.     This replication and transmission occurs as a result of a user-command communicated through a graphical user interface (GUI), without any modification of any of Defendant's client computers, and without any modification of Defendant's software source code.

28.     As a consequence of the infringement of the '410 Patent by the aforesaid Defendant, Project Paperless is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

29.     Moreover, as a consequence of the prior communication of patent rights by Plaintiff to Defendant, combined with Defendant's failure to cease and desist from further infringement in the face of the objective risk of infringement, the infringement is willful, giving rise to Plaintiff's claims for trebling of the damages in this case, as well as to Plaintiff's claims that this is a case where Defendant should reimburse Plaintiff for its attorney's fees and other costs of litigation pursuant to 35 U.S.C. Section 285.

<u>COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,986,426</u>

30.     Project Paperless reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

31.     On July 26, 2011, U.S. Patent No. 7,986,426 (the "'426 Patent") was duly and legally issued by the USPTO.  Project Paperless is the owner by assignment of all right, title and interest in and to the '426 Patent, including all right to recover for any and all past infringement thereof.  The '426 Patent is attached as **Exhibit B** hereto.

32.     As a result of the Defendant's scan-to-file and scan-to-email functionality described above in paragraphs 10-14 and 18-27, the '410 patent is directly infringed by Defendant.  The infringement includes infringement of Claims 1, 2 and 3.

33.     As a consequence of the infringement of the '410 Patent by the aforesaid Defendant, Project Paperless is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

34.     Moreover, as a consequence of the prior communication of patent rights by Plaintiff to Defendant, combined with Defendant's failure to cease and desist from further infringement in the face of the objective risk of infringement, the infringement is willful, giving rise to Plaintiff's claims for trebling of the damages in this case, as well as to Plaintiff's claims that this is a case where Defendant should reimburse Plaintiff for its attorney's fees and other costs of litigation pursuant to 35 U.S.C. Section 285.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Project Paperless prays for entry of judgment and an order that:

(1)     Defendant has the '410 and '426 Patents;

(2)     Defendants account for and pay to Project Paperless all damages, assessment of

interest, and costs of MOSAID caused by Defendants' patent infringement;

(3)     Project Paperless be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees, affiliates and those persons in active concert of participation with them from further acts of patent infringement of the '426 Patent;

(4)     In the event the Court determines that it will not enter injunctive relief, Defendant shall continue to pay royalties to Project Paperless for its infringement of the '410 and '426 Patents on a going-forward basis;

(5)     Defendant account for and pay for increased damages for willful infringement under 35 U.S.C. § 284;

(6)     Costs and attorney's fees be awarded to Project Paperless, under 35 U.S.C. § 285; and

(7)     Project Paperless be granted such further and additional relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Project Paperless demands trial by jury on all claims and issues so triable.

Dated: January 18, 2012                    Respectfully submitted,

                                           Stephen E. Noona
                                           (Virginia State Bar No. 25367)
                                           KAUFMAN & CANOLES, P.C.
                                           150 West Main Street, Suite 2100
                                           Norfolk, VA 23510
                                           Telephone: (757) 624-3239
                                           Facsimile: (757) 624-3169
                                           senoona@kaufcan.com

8

Steven G. Hill (applying for *pro hac vice*)
HILL KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA   30339
Telephone:  (770) 953-0995, x101
Facsimile:  (770) 953-1358
sgh@hkw-law.com

*Counsel for the Plaintiff*

11498819_1.DOC